**COASTAL STATES GAS CORP.**

v.

**DEPARTMENT OF ENERGY et al.**

**Civ. A. No. 79–H–249.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 27, 1979.

Thomas R. McDade, Fulbright & Jaworski, Houston, Tex., for plaintiff.

Alexander P. Humphrey, IV, Dept. of Energy, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This lawsuit involves a controversy between Coastal States Gas Corporation (hereinafter "Coastal") and the Department of Energy (hereinafter "the Department") wherein Coastal challenges the legality of the Department's action in contracting with an outside accounting firm, Alexander Grant, to assist the Department in administering the petroleum price and allocation provisions of the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 751 *et seq.* (1976). Coastal's position is that the Department will violate the Trade Secrets Act, 18 U.S.C. § 1905 (1976), by turning over to Alexander Grant the information necessary for it to perform the audit.

The plaintiff has alleged that jurisdiction lies under "28 U.S.C. §§ 1331, 1337, 1361, and 2201; Section 502(b) of the DOE Act, 42 U.S.C.A. § 7192(b) (Supp.1978); Section 5(a)(1) of the Emergency Petroleum Allocation Act of 1973 ("EPAA"), as amended, 15 U.S.C. § 754(a)(1); Section 211 of the Economic Stabilization Act of 1970 ("ESA"), as amended, 12 U.S.C. § 1904 note; 5 U.S.C. § 552; 5 U.S.C. § 702; and 5 U.S.C.

§ 706(2)." Plaintiff's Amended Complaint p. 2.

Both sides have filed Motions for Summary Judgment which are now before the court. The basis upon which a summary judgment may be granted, as stated in Fed. R.Civ.P. 56(c) is:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

## JURISDICTION

The Department alleges that this court lacks jurisdiction to review its power to contract with Alexander Grant for two reasons: First, that the plaintiff has failed to invoke the jurisdiction of the court under any statute which properly confers jurisdiction; and second, even if the court has jurisdiction the action taken by the Department is "agency action . . . committed to agency discretion by law" and thus immune from review under Section 10(a) of the Administrative Procedure Act, (hereinafter "APA"), 5 U.S.C. 701(a)(2) (1976).

The Plaintiff has alleged that jurisdiction lies under 28 U.S.C. § 1331,[1] as amended (Supp.1979), and Section 10(a) of the APA. Because of the court's decision regarding these statutes the remaining jurisdictional allegations will not be discussed.

The Supreme Court addressed the jurisdictional issue presented here in *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). The controversy there involved Chrysler's attempt to enjoin the Department of Labor from making public information Chrysler was required to turn over to the agency regarding its affirmative action programs and the composi-

tion of its work force. Chrysler alleged jurisdiction under the Freedom of Information Act, the Trade Secrets Act and 28 U.S.C. § 1331.

The Supreme Court held that there is no private right of action to enjoin disclosure under either the FOIA or the Trade Secrets Act. However, the court held that the Department of Labor's decision to disclose Chrysler's employment data was reviewable under the APA.[2]

■ Section 10(a) of the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . ., is entitled to judicial review thereof." 5 U.S.C. § 702 (1976). The Supreme Court in *Chrysler* held that Chrysler was a person "adversely affected or aggrieved" within the meaning of § 10(a) because of the Department of Labor's decision to disclose the Chrysler reports. This court now holds that Coastal is a "person aggrieved" under § 10(a) because of the Department's decision to disclose information to Alexander Grant in furtherance of their contract.

■ The Department argues next that even though jurisdiction may lie through the APA there is an applicable exception to the general rule of reviewability in § 10(a), i. e. review is not available where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2). In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971) the court held that this exception applies "where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" Even if 42 U.S.C. § 7256, discussed *infra*, does not provide the necessary "law to apply", the court in *Chrysler* held that the Trade Secrets Act and "any

---

1. Section § 1331 provides:

The district court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum . . . of $10,000 . . . and arises under the Constitution, laws, or treaties of the United States ex-

cept that no such sum . . . *shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.*

2. Jurisdiction to review agency action under the APA is found in 28 U.S.C. § 1331.

'authoriz[ation] by law'[3] contemplated by that section · place substantive limits on agency action," 441 U.S. p. 318, 99 S.Ct. p. 1726, 60 L.Ed.2d pp. 234–235. Therefore, the "agency discretion" exception is inapplicable here.

■ Since this court has found Coastal to be a person "adversely affected or aggrieved by agency action" and the Department's decision to contract with Alexander Grant necessitating the release of trade secrets a reviewable agency action under § 10(a) of the APA jurisdiction is proper under 28 U.S.C. § 1331.

### THE DEPARTMENT'S POWER TO CONTRACT WITH ALEXANDER GRANT

Coastal's argument is as follows: the information that Coastal is required to turn over to the Department pursuant to 15 U.S.C. § 772 and the attendant regulations includes trade secrets; that if the Department discloses this information to Alexander Grant the Department will violate the Trade Secrets Act because such disclosure is not "authorized by law" within the meaning of that Act. In addition, Coastal has argued that the Department may not contract with Alexander Grant to perform an audit because the contract is tantamount to delegating functions outside of the Department which is prohibited by § 642 of the Department of Energy Organization Act, 42 U.S.C. § 7252 (Supp.1978).[4]

The arguments of Coastal ignore the language of the statutes involved. The Trade Secrets Act, *supra*, provides, *inter alia*:

Whoever, being an officer or employee of the United States or of any . . . agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties . . which information concerns or relates to the trade secrets, processes, operations,

. . . or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association . . . shall be fined not more than $1,000 or imprisoned not more than one year, or both; and shall be removed from office or employment."

Neither party denies that the information to be provided by Coastal pursuant to 15 U.S.C. § 772 and the attendant regulations relates to "trade secrets", making § 1905 applicable. For present purposes the key phrase in § 1905 is "authorized by law."

There has been no argument here, unlike in *Chrysler*, that 42 U.S.C. § 7256 is not a "law". "Authorize" is to be given its ordinary meaning i. e., to endorse, empower, justify or permit. Webster's Third New International Dictionary, G. & C. Merriam Co. (1966).

■ This court holds that the Department is "authorized by law" to disclose the confidential information by 42 U.S.C. § 7256. It provides:

The Secretary is *authorized* to enter into and perform such contracts . . . with public agencies and private organizations and persons, . . . as he may deem to be necessary or appropriate to carry out functions now or hereafter vested in the Secretary (emphasis added).

It is clear from this provision that the Secretary is "authorized" within the meaning of the Trade Secrets Act to contract with Alexander Grant if he deems it necessary to carry out his function under 15 U.S.C. § 772, i. e. auditing the top 34 oil producers to determine whether they are in compliance with the Price and Allocation Regulations.

■ The Plaintiff contends, however, that Section 14(b) of the Federal Energy Administration Act, 15 U.S.C. § 773(b) (1976), which speaks directly to the han-

---

3. The meaning of this phrase is discussed in the next Section.

4. Coastal makes numerous other arguments. To the extent they are not discussed in this memorandum opinion the court considers them to be without merit.

dling of confidential information, overrides the general contract power provision in 42 U.S.C. § 7256 and prohibits disclosure of information to persons other than those who are "authorized to perform functions under the [Federal Energy Administration] Act". Further, Coastal states that Alexander Grant cannot be a person "authorized to perform functions" under this meaning of 15 U.S.C. § 773(b) because Section 642 of the Department of Energy Organization Act, 42 U.S.C. § 7252 prohibits the Secretary from delegating functions to persons who are not "officers" or "employees" of the Department and Alexander Grant is not such a person.

Even assuming 42 U.S.C. § 7256 regarding the Secretary's contractual powers is superseded by the confidentiality provisions in 15 U.S.C. § 773(b) the plaintiff's argument is unpersuasive.

The language of 42 U.S.C. § 7256 provides authority for purposes of 15 U.S.C. § 773(b). This authority is in no way limited by 42 U.S.C. § 7252 because that section speaks only to delegation of functions as opposed to *authorization* to perform a function.

In addition, § 7252 states: "[e]xcept as otherwise expressly prohibited by law, and *except as otherwise provided* in this chapter . . ." (emphasis added) the Secretary may delegate functions to employees of the Department and authorize redelegations within the Department as he deems appropriate. A reading of § 7256 reveals that it is a provision otherwise.

The Secretary, thus, has the power under 42 U.S.C. § 7256 to contract with Alexander Grant to perform an audit of the data furnished by Coastal and is therefore "authorized by law" within the meaning of the Trade Secrets Act.

Because it appears that there is "no genuine issue of any material fact" and that the Defendant is "entitled to judgment as a matter of law", Fed.R.Civ.P. 56, the Department's Motion for Summary Judgment will be granted.

Accordingly it is hereby Ordered, Adjudged, and Decreed that Defendant's Motion for Summary Judgment be and the same is GRANTED. The Plaintiff's Motion for Summary Judgment is hereby DENIED.